Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Joshua M. Webster, Esq. (State Bar No. 298546)
jwebster@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF
HECTOR ALVARADO, and MIKEY AMAYA on behalf of themselves
and others similarly situated.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALVARADO, and MIKEY AMAYA on behalf of themselves and others similarly situated. <br><br> PLAINTIFF, <br><br> vs. <br><br> OAK HARBOR FREIGHT LINES, INC.; and DOES 1 TO 100, INCLUSIVE. <br><br> DEFENDANTS. | Case No.: 3:17-cv-06425-SK <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS HECTOR ALVARADO and MIKEY AMAYA'S FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION AND FOR:** <br><br> 1. **FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL BREAKS IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512** <br><br> 2. **FAILURE TO PROVIDE LEGALLY COMPLIANT REST BREAKS IN VIOLATION OF LABOR CODE SECTION 226.7** <br><br> 3. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226** <br><br> 4. **FAILURE TO TIMELY PAY UNPAID WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203** <br><br> 5. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS** |

**AND PROFESSIONS CODE SECTION 17200**, *et seq.*

6.  **CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA"), LABOR CODE SECTION 2698**, *et seq.*

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiffs, HECTOR ALVARADO, and MIKEY AMAYA ("Plaintiffs" or "PLAINTIFFS"), who allege and complain against OAK HARBOR FREIGHT LINES, INC. and DOES 1 TO 100, Inclusive, (hereinafter, collectively referred to as "Defendants" or "DEFENDANTS"), as follows:

## I.  INTRODUCTION

1.      This is a wage and hour class action lawsuit on behalf of Plaintiffs and other current and former non-exempt employees of DEFENDANTS in California seeking: unpaid wages to compensate employees for wages for workdays Defendants failed to provide adequate meal periods; wages for workdays Defendants failed to provide adequate rest periods; statutory penalties for failure to provide accurate and complete wage statements; waiting time penalties in the form of continuation wages for failure to timely pay former employees all earned and unpaid wages; applicable civil penalties; injunctive relief and other equitable relief, reasonable attorney's fees pursuant to Labor Code sections 226(e), 1194, 2699(g)(1), costs, and interest, if applicable, brought on behalf of Plaintiffs and others similarly situated.

## II.  JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs and the Class Members' claims because Plaintiffs' lawsuit seeks permanent injunction and damages for themselves and the class in excess of $25,000 and DEFENDANTS employed class members and injuries occurred in California including in Alameda at DEFENDANTS' facilities operated at 6700 Smith Ave., Newark CA 94560.

## III.  PARTIES

3.      Plaintiffs bring this action on behalf of themselves and other members of the general public similarly-situated. The named Plaintiffs and the class of persons on whose behalf this action

is filed are current, former and/or future employees of DEFENDANTS' who worked, work, or will work for Defendants as non-exempt hourly employees in California. At all times mentioned herein, the currently named Plaintiffs are and were residents and citizens of California and were employed by DEFENDANTS in a non-exempt position within the 4 years prior to the filing of the complaint at DEFENDANTS' facilities operated throughout the state of California and headquartered at 1339 West Valley HWY North, P.O. Box 1469 Auburn, WA 98071-1469.

4.    Plaintiffs are informed and believe and thereon allege that Defendant OAK HARBOR FREIGHT LINES, INC. operates throughout California, including Alameda County, at 6700 Smith Ave., Newark CA 94560. Plaintiffs are informed and believes and thereon alleges that Defendant OAK HARBOR FREIGHT LINES, INC. is authorized to do business within the State of California, and is doing business in the State of California and/or that Defendants DOES 51-100 are, and at all times relevant hereto were persons acting on behalf of Defendant OAK HARBOR FREIGHT LINES, INC. who violated or caused to be violated the meal and rest break requirements of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating meal and rest breaks required. Plaintiffs are informed and believe and thereon allege that OAK HARBOR FREIGHT LINES, INC. employed and permitted Plaintiffs and similarly situated non-exempt employees to work and exercised control over the wages, hours, and working conditions of employment of Plaintiffs and similarly situated non-exempt employees.

5.    Plaintiffs is informed and believe and thereon allege that Defendants DOES 1 through 50 are corporations, or are other business entities or organizations of a nature unknown to Plaintiffs that employed Plaintiffs and the similarly situated California non-exempt employees, permitted Plaintiffs and similarly situated non-exempt employees to work, and exercised control over the wages, hours and working conditions of employment of Plaintiffs and similarly situated non-exempt employees.

6.    **Joint Employment**: OAK HARBOR FREIGHT LINES, INC. and Does 1 to 50 were joint employers of Plaintiffs and similarly situated non-exempt employees. At all relevant times, there was an arrangement between the defendants to share employees' services, defendants acted directly or indirectly in the interest of each other and in relation to employees, or defendants deemed

to share the control of the employees, one defendant controlled other defendants, or each defendant was under common control. Defendants shared policies which governed Plaintiffs and similarly situated employees' daily activities. In addition, all defendants shared a joint payroll, had common wages and benefits, and had a single personnel department.

7.    **Integrated Enterprise**: OAK HARBOR FREIGHT LINES, INC. and Does 1 to 50 operated an integrated enterprise providing services to clients in California through common management, interrelationship between operations, centralized control of labor relations, and a degree of common ownership/financial control. Defendants shared policies which governed Plaintiffs and similarly situated employees' daily activities

8.    Plaintiffs are informed and believe and thereon allege that Defendants DOES 51 through 100 are individuals unknown to Plaintiffs. Each of the individual defendants are sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent contractor and/or employee of each defendant who violated or caused to be violated provisions of the Labor Code and/or any provision of the Industrial Welfare Commission's wage orders regulating hours and days of work.

9.    Plaintiffs are unaware of the true names of Defendants DOES 1 through 100. Plaintiffs sue said defendants by said fictitious names, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiffs are informed and believe that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

10.    Plaintiffs make the allegations in this complaint without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proving, or persuading and Plaintiffs reserve all of Plaintiffs' right to plead in the alternative.

IV.    **DESCRIPTION OF ILLEGAL PAY PRACTICES**

11.    **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide legally compliant meal breaks**: DEFENDANTS often

1  employ non-exempt employees, including the named Plaintiffs and all others similarly-situated

2  employees for shifts longer than ten hours in length.

3      12.    California law requires an employer to provide an employee an uninterrupted meal

4  period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage

5  Orders, subd. 11.) An employer may not employ an employee for a work period of more than 10

6  hours per day without providing the employee with a second meal period of not less than 30 minutes

7  before the end of the 10th hour of work. (*Id.*)

8      13.    If an employer fails to provide an employee a meal period in accordance with the

9  law, the employer must pay the employee one hour of pay at the employee's regular rate of

10  compensation for each work day that a legally required meal period was not timely provided or was

11  not duty free. (*Id.*)

12      14.    At times, Plaintiffs and California non-exempt employees would work in excess of

13  10 hours which would entitled them to a second meal period before the 10th hour of work.

14  DEFENDANTS did not provide Plaintiffs and California non-exempt employees with a second

15  meal period when they worked in excess of 10 hours. DEFENDANTS did not have a procedure in

16  place to pay Plaintiffs and California non-exempt employees a premium wage for their missed meal

17  periods when they did not receive a second meal period. Accordingly, DEFENDANTS did not pay

18  Plaintiffs and California non-exempt employees a premium wage when they did not receive a

19  second meal period.

20      15.    In addition, Plaintiffs and California non-exempt employees would work in excess of

21  five hours, but DEFENDANTS failed to provide them with timely meal periods prior to the

22  expiration of the fifth hour of work. DEFENDANTS did not have a procedure in place to pay a

23  premium wage to Plaintiffs and California non-exempt employees for their missed meal periods

24  when they did not receive a meal period. Accordingly, DEFENDANTS did not pay Plaintiffs and

25  California non-exempt employees a premium wage when they did not receive a timely meal period.

26      16.    This practice resulted in Plaintiffs and all other similarly situated employees not

27  receiving wages to compensate them for workdays which DEFENDANTS did not provide them

28  with legally compliant meal periods in compliance with California law.

17. **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide legally compliant rest breaks:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Orders, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Orders, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 9, subd. 12.) If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided, timely, or was not duty free. (*Id.*)

18. DEFENDANTS employed Plaintiffs and similarly situated employees in California in DEFENDANTS' operation as non-exempt, hourly employees. DEFENDANTS often employed non-exempt employees, including the named Plaintiffs and all others similarly-situated employees, for shifts longer than 3.5 hours in length.

19. Despite that California law requires employers to provide employees with a rest period when an employee's work shift is in excess of 3.5 hours; DEFENDANTS employed a policy and procedure which failed to provide Plaintiffs and other non-exempt employees with rest period when they worked more than 3.5 hours. As a result of DEFENDANTS' practice and procedure, Plaintiffs and similarly situated non-exempt, employees did not receive a timely first rest period when they worked in excess of 3.5 hours.

20.    DEFENDANTS often employed non-exempt employees, including the named Plaintiffs and all others similarly-situated employees, for shifts longer than 6 hours in length.

21.    Despite that California law requires employers to provide employees with a second rest period when an employee's work shift is in excess of 6 hours; DEFENDANTS employed a policy and procedure which failed to provide Plaintiffs and other non-exempt employees with timely second rest periods when they worked more than 6 hours. As a result of DEFENDANTS' practice and procedure, Plaintiffs and similarly situated non-exempt, employees did not receive a second rest period when they worked in excess of 6 hours.

22.    DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiffs and employees did not receive all timely and legally compliant rest periods.

23.    This practice resulted in Plaintiffs and all other similarly situated California non-exempt employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with legally compliant rest periods in compliance with California law.

24.    **Pay Stub Violations:** California Labor Code section 226(a) provides (inter alia) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

25.    DEFENDANTS failed to provide accurate and complete wage statements to Plaintiffs and other non-exempt employees. DEFENDANTS provided to employees' wage

statements which were inadequate as a result of the aforementioned conduct (i.e., failure to pay meal and rest period premiums), the wage statements inaccurately stated: the gross wages earned, and the net wages earned in effect in a pay period.

26. DEFENDANTS applied these policies and procedures to Plaintiffs and other non-exempt employees in California which resulted in DEFENDANTS failing to provide complete and accurate wage statements to non-exempt employees in compliance with Labor Code section 226, subdivision (a).

27. **Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation:** An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code §201) or within 72 hours of resignation (Lab. Code §202).

28. DEFENDANTS failed to pay Plaintiffs and other non-exempt employees with all wages (including unpaid premium wages for missed and/or untimely meal and/or rest breaks) during their employment and never paid these amounts after Plaintiffs and other California employees separated employment with DEFENDANTS. As a result, DEFENDANTS failed to pay those employees timely after each employee's termination and/or resignation in violation of Labor Code sections 201 and 202.

## V. CLASS DEFINITIONS AND CLASS ALLEGATIONS

29. Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A. **Meal Period Class:** All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than 5 hours during a workday and did not receive wages to compensate them for an untimely and/or DEFENDANTS failure to provide meal break and/or who worked more than 10 hours in a workday and did not receive wages to compensate them for not receiving a second meal period.

B. **Rest Period Class:** All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial

complaint in this action and through the date notice is mailed to a certified class who worked over 3.5 hours and did not receive wages to compensate employees for workdays Defendants failed to provide rest periods in compliance with California law and/or who worked over six hours and did not receive wages to compensate employees for workdays Defendants failed to provide second rest periods in compliance with California Law.

C. **Wage Statement Class**: All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notices are mailed to a certified class who received inaccurate or incomplete wage statements.

D. **Waiting Time Class**: All former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class whose employment ended and they did not receive payment of all unpaid wages within the statutory time period after separation of employment.

E. **California Class**: All aforementioned classes are here collectively referred to as the "California Class".

30. There is a well-defined community of interest in the litigation and the classes are ascertainable:

A. **Numerosity**: While the exact number of class members in each class is unknown to Plaintiffs at this time, the Plaintiffs classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiffs classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i. Whether Defendants failed to provide timely meal periods to the Meal Period Class;

ii. Whether Defendants failed to provide timely rest breaks to the Rest

1   Period Class;

2        iii.    Whether Defendants failed to provide the Wage Statement Class

3   Members with accurate and complete itemized statements;

4        iv.    Whether Defendants failed to provide the Waiting Time Class with all

5   unpaid wages within the statutory time period following separation of employment;

6        v.    Whether Defendants committed unlawful business acts or practices

7   within the meaning of Business and Professions Code section 17200 *et seq.*;

8        vi.    Whether Class Members are entitled to unpaid wages, penalties,

9   interest, fees and other relief in conjunction with their claims; and

10       vii.    Whether, as a consequence of Defendant's unlawful conduct, the

11  Class Members are entitled to restitution, and/or equitable relief;

12      C.    **Typicality**: Plaintiffs' claims are typical of the claims of the class members

13  in each of the classes. Plaintiffs and members of the Meal Period, and Rest Period Classes sustained

14  damages and/or loss of vested wages based on Defendants' failure to provide timely and/or legally

15  compliant meal periods and/or rest periods to non-exempt hourly employees who worked within the

16  state of California. Plaintiffs and members of the Wage Statement Class sustained damages arising

17  out of Defendants' failure to furnish them with accurate and/or complete itemized wage statements

18  in compliance with Labor Code section 226. Plaintiffs and the members of the Waiting Time Class

19  sustained damages arising out of Defendants' failure to provide all unpaid wages due upon the end

20  of their employment.

21      D.    **Adequacy of Representation**: Plaintiffs will fairly and adequately protect

22  the interests of the members of each class. Plaintiffs have no interest that is adverse to the interests

23  of the other class members. Plaintiffs' Counsel is qualified to conduct the litigation.

24      E.    **Superiority**:  A class action is superior to other available means for the fair

25  and efficient adjudication of this controversy. Because individual joinder of all members of each

26  class is impractical, class action treatment will permit a large number of similarly situated persons to

27  prosecute their common claims in a single forum simultaneously, efficiently, and without the

28  unnecessary duplication of effort and expense that numerous individual actions would engender.

The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.     **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

**FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**(Against ALL DEFENDANTS by the Meal Period Class)**

31.     Plaintiffs hereby incorporate the paragraphs above, as if fully set herein by reference.

32.     At all times relevant to this Complaint, Plaintiffs and the members of the Meal Period Class were non-exempt employees of DEFENDANTS in California and covered by California Labor Code sections 226.7, 512, and the Wage Orders.

33.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. (Lab. Code §512; Wage Order 5, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the 10th hour of work. (Id.) If an employer fails to provide an employee an uninterrupted, timely meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (Id.)

34.    At times, Plaintiffs and the Meal Period Class would work in excess of 5 hours which would entitle them to a meal period before the 5th hour of work. Defendants did not provide Plaintiffs and the Meal Period Class with a timely meal period when they worked in excess of 5 hours. Defendants did not have a procedure in place to pay Plaintiffs and the Meal Period Class a premium wage for their missed meal periods when they did not receive a timely meal period. Accordingly, Defendants did not pay Plaintiffs and the Meal Period Class a premium wage when they did not receive a timely meal period.

35.    In addition, at times Plaintiffs and the Meal Period Class would work in excess of 10 hours, but Defendants failed to provide them with timely meal periods prior to the expiration of the 10th hour of work. Defendants did not have a procedure in place to pay a premium wage to Plaintiffs and the Meal Period Class for their missed meal periods when they did not receive a timely meal period. Accordingly, Defendants did not pay Plaintiffs and the Meal Period Class a premium wage when they did not receive a timely second meal period.

36.    Because DEFENDANTS failed to afford employees timely, uninterrupted meal periods, and/or second meal periods, and/or third meal periods in compliance with the law, Defendants are liable to Plaintiffs and the Meal Period Class for one hour of additional pay at the regular rate of compensation for each workday that DEFENDANTS did not provide all duty-free meal periods in compliance with the law.

37.    Plaintiff, on behalf of himself, and the Meal Period Class, seeks damages and all other relief allowable including a premium meal period wage for each workday the employees were not provided with all duty-free meal periods in compliance with the law.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7

### (Against ALL DEFENDANTS by the Rest Period Class)

38.    Plaintiffs hereby incorporate by reference the paragraphs above, as if fully set herein by reference.

39.    At all times relevant to this Complaint, Plaintiffs and the members of the Rest Period Class were non-exempt employees of DEFENDANTS in California and covered by California Labor Code section 226.7 and the Wage Orders.

40.    California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. ... If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Order 5, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Order 5, subd. 12.) Rest periods must be in the middle of each work period. (Wage Order 5, subd. 12.) If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

41.    Plaintiffs and similarly situated employees in California would work on workdays in shifts in excess of 3.5 hours entitling them to a rest period under California law. Despite that California law requires employers to provide employees with rest periods when an employee's work shift is more than 3.5 hours; DEFENDANTS employed a policy and procedure which failed to provide Plaintiffs and other non-exempt employees with a rest period when they worked more than 3.5 hours. As a result of DEFENDANTS' practice and procedure, Plaintiffs and similarly situated non-exempt employees would work on workdays in shifts in excess of 3.5 hours without receiving a rest period in violation of California law.

42.    Plaintiffs and similarly situated employees in California would work on workdays in shifts in excess of 6 hours entitling them to second rest period under California law. Despite that

California law requires employers to provide employees with second rest periods when an employee's work shift is more than 6 hours; DEFENDANTS employed a policy and procedure which failed to provide Plaintiffs and other non-exempt employees with second timely rest periods when they worked more than 6 hours. As a result of DEFENDANTS' practice and procedure, Plaintiffs and similarly situated non-exempt employees would work on workdays in shifts in excess of 6 hours without receiving a second rest period in violation of California law.

43.    DEFENDANTS also failed to pay Plaintiffs and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiffs and employees did not receive all timely and legally compliant rest periods.

44.    Because DEFENDANTS failed to afford employees rest periods in compliance with the law, DEFENDANTS are liable to Plaintiffs and the Rest Period Class for one hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide rest periods in compliance with the law.

45.    Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other relief allowable including a premium rest break wage for each workday the employees were not provided with all rest periods in compliance with the law.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN

### VIOLATION OF LABOR CODE SECTION 226

### (Against ALL DEFENDANTS by the Wage Statement Class)

46.    Plaintiffs incorporates the paragraphs above as if fully alleged herein.

47.    At all relevant times, Plaintiffs and the other members of the Wage Statement Class were non-exempt employees of DEFENDANTS and covered by Labor Code Section 226.

48.    Pursuant to Labor Code Section 226, subdivision (a), Plaintiffs and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial

Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

49.    DEFENDANTS' illegal practices (described in more detail above and below and including but not limited to DEFENDANTS' failure to pay all meal and rest period premiums for missed/improper meal periods, and/or rest breaks, and failure to provide timely payment of final wages) resulted in DEFENDANTS not providing Plaintiffs and other California non-exempt employees with accurate and complete itemized wage statements in violation of Labor Code section 226. The wage statements DEFENDANTS provided to employees were inadequate for reasons including but not limited to inaccurately or failing to state the following: the gross wages earned and the net wages earned.

50.    DEFENDANTS' failure to provide Plaintiffs and members of the Wage Statement Class with accurate wage statements were knowing and intentional. DEFENDANTS had the ability to provide Plaintiffs and members of the Class with accurate and complete wage statements but intentionally provided wage statements that DEFENDANTS knew were not accurate. DEFENDANTS knowingly and intentionally put in place practices which deprived employees of wages and resulted in DEFENDANTS' knowing and intentional providing of inaccurate wage statements.

51.    As a result of DEFENDANTS unlawful conduct, Plaintiffs and members of the Class have suffered injury in that the wage statements inaccurately stated and/or failed to state the aforementioned items of information and Plaintiffs and the members of the class could not promptly and easily determine from the wage statement alone the amount of the gross or net wages paid to the employee.

52.    Pursuant to Labor Code Section 226(e), Plaintiffs and members of the Wage Statement Class are entitled to recover actual damages or fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

53.    Pursuant to Labor Code Section 226(g), Plaintiffs and members of the Wage Statement Class are entitled to bring an action for injunctive relief to ensure DEFENDANTS compliance with Labor Code Section 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed members of the Class with inaccurate wage statements in violation of Labor Code Section 226(a) and currently employed members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS comply with Labor Code Section 226(a).

54.    Pursuant to Labor Code Sections 226(e) and 226(g), Plaintiffs and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney fees, and costs of suit.

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY UNPAID WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

### (Against ALL DEFENDANTS by the Waiting Time Class)

55.    Plaintiffs incorporates the paragraphs above as if fully alleged herein.

56.    At all relevant times, Plaintiffs and the other members of the Waiting Time Class were non-exempt employees of DEFENDANTS in California and covered by Labor Code Sections 201 or 202.

57.    Pursuant to Labor Code Sections 201 or 202, Plaintiffs and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all

wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

58.    DEFENDANTS failed to pay Plaintiffs and members of the Waiting Time Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, DEFENDANTS maintained a policy or practice of not paying hourly employees upon separation of employment wages for all unpaid wages (as described in more detail above and including meal and rest period premiums) and/or not paying final wages timely upon separation of employment.

59.    DEFENDANTS' failure to pay Plaintiffs and members of the Waiting Time Class all unpaid wages prior to termination timely in accordance with Labor Code Sections 201 or 202 was willful. DEFENDANTS had the ability to pay all wages earned by hourly workers prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202. DEFENDANTS' practices are described in further detail above. When DEFENDANTS failed to pay hourly workers timely upon termination all unpaid wages earned prior to termination, DEFENDANTS knew what they were doing and intended to do what they did.

60.    Pursuant to Labor Code Section 201 or 202, Plaintiffs and members of the Waiting Time Class are entitled to all wages earned prior to termination that DEFENDANTS did not pay them.

61.    Pursuant to Labor Code Section 203, Plaintiffs and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

62.    As a result of DEFENDANTS conduct, Plaintiffs and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

63.    As a result of DEFENDANTS conduct, Plaintiffs and members of the Waiting Time

1    Class have suffered damages in an amount, subject to proof, to the extent they were not paid all

2    continuation wages owed under Labor Code Section 203.

3          64.     Pursuant to Labor Code Sections Plaintiffs and members of the Waiting Time Class

4    are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203,

5    and interest thereon.

## FIFTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS

### CODE SECTION 17200, *et seq.*

### (Against ALL DEFENDANTS by the California Class)

10          65.     Plaintiffs incorporates the paragraphs above as if fully alleged herein.

11          66.     The unlawful conduct of Defendants alleged herein constitutes unfair competition

12    within the meaning of Business and Professions Code Section 17200. This unfair conduct includes

13    DEFENDANTS' use of policies and procedures which resulted in DEFENDANTS' failure to

14    provide legally compliant meal periods or meal period premium wages, failure to provide rest

15    periods or rest period premium wages, failure to provide complete and accurate wage statements,

16    and failure to provide timely payment of final wages. Due to DEFENDANTS' unfair and unlawful

17    business practices in violation of the Labor Code, DEFENDANTS have gained a competitive

18    advantage over other comparable companies doing business in the State of California that comply

19    with their obligations to do the following: pay meal and rest period premium wages, provide

20    complete and accurate wage statements, and timely provide all unpaid wages following separation

21    of employment.

22          67.     As a result of DEFENDANTS' unfair competition as alleged herein, Plaintiffs and

23    members of the California Class have suffered injury in fact and lost money or property, as

24    described in more detail above.

25          68.     Pursuant to Business and Professions Code Section 17203, Plaintiffs and members of

26    the California Class are entitled to restitution of all wages and other monies rightfully belonging to

27    them that DEFENDANTS failed to pay them and wrongfully retained by means of their unlawful

28    and unfair business practices. Plaintiffs also seek an injunction against DEFENDANTS on behalf of

the California Class enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

<strong><u>SIXTH CAUSE OF ACTION</u></strong>

<strong>CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698 et seq.</strong>

<strong>(As Against Defendant by HECTOR ALVARDO AND MIKEY AMAYA)</strong>

69.     Plaintiffs incorporate the paragraphs above as if fully alleged herein.

70.     During the period beginning one-year period preceding the filing of the initial complaint in this action, Defendants violated Labor Code sections California Labor Code sections 201, 202, 203, 226, 226.7, and 512 as alleged in more detail above.

71.     Specifically, Defendants have committed the following violations of the California Labor Code:

72.     **Failure to pay employees wages to compensate them for workdays Defendants failed to provide required meal periods:** Despite the fact that California law requires employers to authorize or permit a first meal period prior to their sixth hour of work when they worked shifts more than five hours in length and a second off duty unpaid 30 minute meal period for when they worked shifts over 10 hours in length, Defendants routinely failed to authorize or permit first meal periods prior to employees' sixth hour of work and failed to authorize or permit second meal periods altogether when employees worked shifts of more than 10 hours.  In addition, Defendants failed to pay premium wages to Plaintiffs and similarly situated employees to compensate them for each workday the employees did not receive all legally required duty-free meal periods.  Defendants employed policies and procedures which ensured employees did not receive any premium wages to compensate them for the workdays in which they did not receive all legally required meal periods.

73.     **Failure to pay hourly employees wages to compensate them for workdays Defendants failed to provide required rest periods:** Defendants employed policies and procedures which ensured Plaintiffs and similarly situated employees would not receive all legally required rest periods.  Defendants also employed policies and procedures which ensured Plaintiff

and similarly situated employees did not receive any premium wages to compensate them for workdays that they did not receive all legally required rest periods.

74.    **Pay Stub Violations:** Defendants failed to provide accurate wage and hour statements to Plaintiffs and similarly situated employees who were subject to Defendants' control for uncompensated time, and who did not receive the wages they earned (at least minimum wage as well as failure to pay premium wages for missed meal and rest periods).

75.    **Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation:** An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code §201) or within 72 hours of resignation (Lab. Code §202). DEFENDANTS failed to pay Plaintiffs and other non-exempt employees with all wages (including unpaid premium wages for missed meal and/or rest breaks) during their employment and never paid these amounts after Plaintiffs and other California employees separated employment with DEFENDANTS. As a result, DEFENDANTS failed to pay those employees timely after each employee's termination and/or resignation in violation of Labor Code sections 201 and 202.

76.    Plaintiffs have complied with the procedures for bringing suit specified in Labor Code section 2699.3. By letters dated and postmarked August 25, 2017, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendant Oak Harbor Freight Lines, Inc. of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. In addition to the certified mail notice, the LWDA was provided notice through their online submission system on August 25, 2017.  True and correct copies of Plaintiff's letters and proof of certified service are attached hereto as **Exhibit 1** and **Exhibit 2** respectively, and are hereby incorporated by reference.

77.    Pursuant to Labor Code section 2699.3, as of August 25, 2017 when Plaintiff filed the written notice by certified mail to the LWDA and all Defendants, the LWDA must give notice by certified mail to the parties that it intends to investigate the alleged violations of the Labor Code within 66 days of the date of the complainant's written notice. More than 66 days have passed since the date of Plaintiff's written notice and Plaintiff has not received any response from the LWDA.

78.     Pursuant to Labor Code sections 2699(a) and (f), Plaintiff is entitled to recover civil penalties and wages for Defendants' violations of Labor Code sections 201, 202, 203, 226, 226.7, and 512 during the Civil Penalty Period in the following amounts:

(a)     For violations of Labor Code sections 201 or 202, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)];

(b)     For violations of Labor Code section 226, two hundred fifty dollars ($250) for each aggrieved employee for each employee in an initial citation, and one thousand dollars ($1000) for each underpaid employee for in a subsequent citation [penalty amounts established by Labor Code section 226.3];

(c)     For violations of California Labor Code section 226.7, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by California Labor Code section 2699(f)(2)];

(d)     For violations of California Labor Code section 512, fifty dollars ($50) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by California Labor Code section 558]; and

79.     Pursuant to California Labor Code section 2699(g)(1), Plaintiffs are entitled to an award of reasonable attorney's fees and costs in connection with their claims for civil penalties

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, ON THEIR BEHALF AND ON BEHALF OF THOSE SIMILARLY-SITUATED, PRAYS AS FOLLOWS:

ON THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:

1.     That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil

1 Procedure section 382 and any other applicable law;

2     2.    That the named Plaintiffs be designated as class representatives for the California

3 Class (and all sub-classes thereof);

4     3.    A declaratory judgment that the practices complained herein are unlawful; and,

5     4.    An injunction against Defendants enjoining them, and any and all persons acting in

6 concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

7 herein.

8 **ON THE FIRST CAUSE OF ACTION:**

9     1.    That the Defendants be found to have violated the meal period provisions of the

10 Labor Code and the IWC Wages Orders as to the Plaintiffs and the Meal Period Class;

11     2.    For damages, according to proof, including unpaid wages;

12     3.    For any and all legally applicable penalties;

13     4.    For pre-judgment interest, including but not limited to that recoverable under

14 California Labor Code section 218.6, and post-judgment interest; and

15     5.    For such and other further relief, in law and/or equity, as the Court deems just or

16 appropriate.

17 **ON THE SECOND CAUSE OF ACTION:**

18     1.    That the Defendants be found to have violated the rest break provisions of the Labor

19 Code and the IWC Wages Orders as to the Plaintiffs and the Rest Period Class;

20     2.    For damages, according to proof, including unpaid wages;

21     3.    For any and all legally applicable penalties;

22     4.    For pre-judgment interest, including but not limited to that recoverable under

23 California Labor Code section 218.6, and post-judgment interest; and

24     5.    For such and other further relief, in law and/or equity, as the Court deems just or

25 appropriate.

26 **ON THE THIRD CAUSE OF ACTION:**

27     1.    That the Defendants be found to have violated the provisions of the Labor Code

28 regarding proper itemized paystubs as to the Wage Statement Class;

1  2.       For damages and/or penalties, according to proof, including damages and/or statutory

2  penalties under Labor Code section 226(e) and any other legally applicable damages or penalties;

3  3.       For pre-judgment interest and post-judgment interest;

4  4.       For attorneys' fees and costs of suit, including but not limited to that recoverable

5  under California Labor Code section 226(e); and,

6  5.       For such and other further relief, in law and/or equity, as the Court deems just or

7  appropriate.

8  **ON THE FOURTH CAUSE OF ACTION:**

9  1.       That the Defendants be found to have violated the provisions of the Labor Code

10  regarding payment of wages due upon resignation or termination as to the Waiting Time Class;

11  2.       For damages and/or penalties, according to proof, including damages and/or statutory

12  penalties under Labor Code section 203 and any other legally applicable damages or penalties;

13  3.       For pre-judgment interest, including under California Labor Code section 218.6, and

14  post-judgment interest; and,

15  4.       For such and other further relief, in law and/or equity, as the Court deems just or

16  appropriate.

17  **ON THE FIFTH CAUSE OF ACTION:**

18  1.       That the Defendants be found to have violated Business and Professions Code

19  section 17200 for the conduct alleged herein as to all Classes;

20  2.       A declaratory judgment that the practices complained herein are unlawful;

21  3.       An injunction against Defendants enjoining them, and any and all persons acting in

22  concert with them, from engaging in each of the unlawful practices, policies and patterns set forth

23  herein;

24  4.       For restitution to the full extent permitted by law; and,

25  5.       For such and other further relief, in law and/or equity, as the Court deems just or

26  appropriate.

27  **ON THE SIXTH CAUSE OF ACTION:**

28  1.       That Defendants be found to have violated the provisions of the California Labor

Code and Wage Order as to Plaintiff Hector Alvarado, Mikey Amaya, and current and former aggrieved employees;

2.     For any and all legally applicable penalties, including but not limited to that recoverable under California Labor Code sections 2699(f), 201, 202, 203, 226, 226.7, and 512;

3.     For attorneys' fees and costs of suit, including, but not limited to, that recoverable under California Labor Code section 2699(g); and

4.     For such and other further relieve, in law and/or equity, as the Court deems just or appropriate.

Dated: November 15, 2018                    Respectfully submitted,
                                            **LAVI & EBRAHIMIAN, LLP**

                                    By: _____
                                            Joseph Lavi, Esq.
                                            Joshua M. Webster, Esq.
                                            Attorneys for PLAINTIFF
                                            HECTOR  ALVARADO,  MIKEY  AMAYA
                                            and Other Class Members

## DEMAND FOR JURY TRIAL

PLAINTIFFS HECTOR ALVARADO, and MIKEY AMAYA demands a trial by jury for themselves and the Class on all claims so triable.

Dated: November 15, 2018                    Respectfully submitted,
                                            **LAVI & EBRAHIMIAN, LLP**

                                    By: _____
                                            Joseph Lavi, Esq.
                                            Joshua M. Webster, Esq.
                                            Attorneys for PLAINTIFF
                                            HECTOR  ALVARADO,  MIKEY  AMAYA
                                            and Other Class Members