1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11
12

HECTOR ALVARADO, MIKEY AMAYA, and JUSTIN TITUS on behalf of themselves and others similarly situated.

13
14

PLAINTIFFS,

15
16

vs.

17
18

OAK HARBOR FREIGHT LINES, INC.; and DOES 1 TO 100, INCLUSIVE.

19
20

DEFENDANTS.

21
22
23
24
25

Case No. 3:17-cv-06425-SK

Magistrate Judge Sallie Kim

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND ADMINISTRATION COSTS; JUDGMENT**

[*Filed concurrently with Notice of Motion and Motion for Final Approval of Class Action and PAGA Settlement; Memorandum of Points and Authorities; Declarations in Support*]

Date: January 27, 2025
Time: 9:30 a.m.
Dept: Courtroom C, 15th Floor

Complaint Filed: September 11, 2017

26
27
28

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND ADMINISTRATION COSTS**

The unopposed Motion for Final Approval of Class Action and PAGA Settlement filed by Plaintiffs Hector Alvarado, Mikey Amaya, and Justin Titus ("Plaintiffs"), came on for hearing on January 27, 2025, at 9:30 a.m., in Courtroom C of the United States District Court for the Northern District of California, the Honorable Sallie Kim, presiding. Having reviewed the papers and documents presented, having heard the statements of counsel for Plaintiffs and Defendant Oak Harbor Freight Lines, Inc. ("Defendant"), having considered the matter in full, and good cause appearing, the Court HEREBY ORDERS, ADJUDGES, AND DECREES as follows:

1.    This Judgment incorporates by reference the definitions in the Joint Stipulation of Class and Representative Action Settlement and Release of Claims (the "Settlement Agreement" or the "Settlement," which is attached as **Exhibit 1** to the Declaration of Malcolm Clayton in Support of Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Settlement (Dkt. 79-1)) and all capitalized terms used herein shall have the same meanings as set forth in the Settlement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Final Approval Order and Judgment as if set forth fully here.

2.    The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members and Aggrieved Employees along with the State of California.

3.    The two Settlement Classes are (1) all current and former non-exempt employees, except drivers, employed by Defendant in the State of California from September 11, 2013 through October 2, 2023 (the "Nondriver Class") and (2) all non-exempt drivers who were employed by Defendant in the State of California from May 27, 2017, through October 2, 2023 (the Driver Class and Nondriver Class are referred to collectively herein and in the Settlement as Classes and the members of Classes are referred to as "Class Members" or "Settlement Class Members").

4.    Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities

**[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs**
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*    Case No. 3:17-cv-06425-SK
Page 1

who satisfy one of the definitions of the two Settlement Classes above are Class Members bound by this Judgment and the release provisions set forth in the Settlement.

5.      The Court directed that notice be given to Class Members by mail pursuant to the notice process proposed by the Parties in the Settlement and approved by the Court. (Dkt. 85.) The declaration from ILYM Group, Inc. ("ILYM"), attesting to the dissemination of the notice to the two Classes, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class Members of the terms of the Settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to object to the Settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Classes.

6.      The distribution of the notice to the Classes constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

7.      The Court finds that all notices required to be sent under the Settlement with respect to the Private Attorneys' General Act and the Class Action Fairness Act have been sent to all appropriate agencies and entities.

8.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Eve Wagner, Esq. There were no objections to the Settlement and approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

9.      <u>Release of Claims by Participating Class Members of the Nondriver Class.</u> Upon the Effective Date of the Settlement, each and every Participating Class Member of the Nondriver Class, on behalf of themselves and their former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, hereby relinquishes, releases, discharges, waives, and agrees to hold harmless Defendant and all of the other Released

[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*                                    Case No. 3:17-cv-06425-SK
Page 2

Parties, and each of them, from any and all claims that arose or originated from September 11, 2013 up through and including October 2, 2023 that were asserted against Defendant, or could have been asserted against Defendant and/or the other Released Parties based on, arising out of, or relating to the facts or allegations set forth, in any of the complaints in the Lawsuits and Aguirrie Actions, including, but not necessarily limited to, all claims alleged against Defendant in the operative Second Amended Complaint filed in the Alvarado Action ("Claims Released By Participating Class Members Of The Nondriver Class"). Among other things, the Claims Released By Participating Class Members Of The Nondriver Class include, but are not limited to, claims based upon or arising under California Labor Code §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 223, 226, 226.2, 226.3, 226.7, 233, 246 *et seq.*, 246.5, 248.5, 256, 510, 512, 551, 552, 558, 1174, 1174.5, 1182.12 *et seq.*, 1194, 1194.2, 1197, 1197.1, 1198, 2800, 2802, 2698, 2699 *et seq.*, 2699.3, and 2699.5, California Business & Professions Code §§ 17200 *et seq.*, Cal. Code Regs., tit. 8, §§ 11010 *et seq.*, all IWC Wage Orders (including, but not limited to, IWC Wage Order Nos. 4-2001 and 9-2001), 49 U.S.C. §§ 5103 *et seq.*, 49 C.F.R. § 397.59, 49 C.F.R. § 397.5, 49 U.S.C. § 397.1, 49 C.F.R. § 177.823, 29 U.S.C. §§ 201 *et seq.*, 29 C.F.R. §§ 778 *et seq.*, 29 U.S.C. §§ 207 *et seq.*, California Civil Code §§ 3287 and 3289, and California Code of Civil Procedure § 1021.5. Without limiting any of the foregoing, the Claims Released By Participating Class Members Of The Nondriver Class is intended to include, and does include, any and all claims and remedies asserted or sought against Defendant, or that could have been asserted or sought against Defendant or the other Released Parties based on the facts or allegations pled, in any of the complaints in the Lawsuits and Aguirrie Actions that occurred or arose during the Class Period for Nondrivers, including the first date and last date thereof and every date in between. Subject to the terms and conditions of the Settlement and this Order, all such claims and causes of action, damages, and other remedies (including, but not limited, to wages of any kind, premium compensation, bonuses, penalties, statutory penalties, civil penalties, waiting time penalties, damages, liquidated damages, statutory damages, restitution, disgorgement, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, or any other equitable, monetary, or legal

[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*                                    Case No. 3:17-cv-06425-SK
Page 3

relief of any kind or nature whatsoever) allegedly due and owing to Participating Class Members of the Nondriver Class by virtue of or related to any of the claims, facts or allegations pled in any of the complaints in the Lawsuits and Aguirrie Actions are deemed to be fully and finally resolved and are to be dismissed, with prejudice, as part of the entry of Judgment as to each and every Participating Class Member of the Nondriver Class.

10.    <u>Release of Claims by Participating Class Members of the Driver Class.</u> Upon the Effective Date of the Settlement,  each and every Participating Class Member of the Driver Class, on behalf of themselves and their former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, hereby relinquishes, releases, discharges, waives, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all claims that arose or originated from May 27, 2017 up through and including October 2, 2023 that were asserted against Defendant, or could have been asserted against Defendant and/or the other Released Parties based on, arising out of, or relating to the facts or allegations set forth, in any of the complaints in the Lawsuits and Aguirrie Actions, including, but not necessarily limited to, all claims alleged against Defendant in the operative Second Amended Complaint filed in the Alvarado Action ("Claims Released By Participating Class Members Of The Driver Class"). Among other things, the Claims Released By Participating Class Members Of The Driver Class include, but are not limited to, claims based upon or arising under California Labor Code §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 223, 226, 226.2, 226.3, 226.7, 233, 246 *et seq.*, 246.5, 248.5, 256, 510, 512, 551, 552, 558, 1174, 1174.5, 1182.12 *et seq.*, 1194, 1194.2, 1197, 1197.1, 1198, 2800, 2802, 2698, 2699 *et seq.*, 2699.3, and 2699.5, California Business & Professions Code §§ 17200 *et seq.*, Cal. Code Regs., tit. 8, §§ 11010 *et seq.*, all IWC Wage Orders (including, but not limited to, IWC Wage Order Nos. 4-2001 and 9-2001), 49 U.S.C. §§ 5103 *et seq.*, 49 C.F.R. § 397.59, 49 C.F.R. § 397.5, 49 U.S.C. § 397.1, 49 C.F.R. § 177.823, 29 U.S.C. §§ 201 *et seq.*, 29 C.F.R. §§ 778 *et seq.*, 29 U.S.C. §§ 207 *et seq.*, California Civil Code §§ 3287 and 3289, and California Code of Civil Procedure § 1021.5.  Without limiting any of the foregoing, the Claims Released By Participating Class Members Of The Driver Class is intended to include, and does include, any

**[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs**
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*                                    Case No. 3:17-cv-06425-SK
Page 4

and all claims and remedies asserted or sought against Defendant, or that could have been asserted or sought against Defendant or the other Released Parties based on the facts or allegations pled, in any of the complaints in the Lawsuits and Aguirrie Actions that occurred or arose during the Class Period for Drivers, including the first date and last date thereof and every date in between.  Subject to the terms and conditions of the Settlement and this Order, all such claims and causes of action, damages, and other remedies (including, but not limited to, wages of any kind, premium compensation, bonuses, penalties, statutory penalties, civil penalties, waiting time penalties, damages, liquidated damages, statutory damages,  restitution, disgorgement, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, or any other equitable, monetary, or legal relief of any kind or nature whatsoever) allegedly due and owing to Participating Class Members of the Driver Class by virtue of or related to any of the claims, facts or allegations pled in any of the complaints in the Lawsuits and the Aguirrie Actions are deemed to be fully and finally resolved and are to be dismissed, with prejudice, as part of the entry of Judgment as to each and every Participating Class Member of the Driver Class.

11.    Release of Claims by PAGA Group 1 Members. The State of California, to the maximum extent allowed by law, along with each and every member of PAGA Group 1 (whether they are a Participating Class Member or Non-Participating Class Member), on behalf of themselves and their former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, hereby relinquishes, releases, discharges, waives, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all PAGA claims that arose or originated from August 25, 2016 through October 2, 2023 that were asserted against Defendant, or could have been asserted against Defendant or the other Released Parties based on, arising out of, or relating to the facts or allegations set forth, in any of the complaints or PAGA Notices in the Lawsuits and Aguirrie PAGA Action ("Claims Released By PAGA Group 1 Members").  Among other things, the Claims Released By PAGA Group 1 Members include, but are not necessarily limited to, PAGA claims based upon or arising under California Labor Code §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6,

[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*                                    Case No. 3:17-cv-06425-SK
Page 5

223, 226, 226.2, 226.3, 226.7, 233, 246 *et seq.*, 246.5, 248.5, 256, 510, 512, 551, 552, 558, 1174, 1174.5, 1182.12 *et seq.*, 1194, 1194.2, 1197, 1197.1, 1198, 2800, 2802, 2698, 2699 *et seq.*, 2699.3, and 2699.5. Without limiting any of the foregoing, the Claims Released By PAGA Group 1 Members is intended to include, and does include, any and all claims and remedies asserted or sought, against Defendant or that could have been asserted or sought against Defendant or the other Released Parties based on the facts or allegations pled, in any of the complaints or PAGA Notices in the Lawsuits and Aguirrie PAGA Action that occurred or arose during the PAGA Period for Nondrivers, including the first date and last date thereof and every date in between. Subject to the terms and conditions of the Settlement and this Order, all such claims and causes of action, damages, and other remedies (including, but not limited to, any civil penalties) allegedly due and owing to PAGA Group 1 members by virtue of or related to any of the claims, facts or allegations pled in any of the complaints or PAGA Notices in the Lawsuits and Aguirrie PAGA Action are deemed to be fully and finally resolved and are to be dismissed, with prejudice, as part of the entry of Judgment as to each and every PAGA Group 1 member.

12.    Release of Claims by PAGA Group 2 Members. The State of California, to the maximum extent allowed by law, along with each and every member of PAGA Group 2 (whether they are a Participating Class Member or Non-Participating Class Member), on behalf of themselves and their former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, hereby relinquishes, releases, discharges, waives, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all PAGA claims that arose or originated from May 27, 2017 through October 2, 2023 that were asserted against Defendant, or could have been asserted against Defendant or the other Released Parties based on, arising out of, or relating to the facts or allegations set forth, in any of the complaints or PAGA Notices in the Lawsuits and the Aguirrie PAGA Action ("Claims Released By PAGA Group 2 Members"). Among other things, the Claims Released By PAGA Group 2 Members include, but are not necessarily limited to, PAGA claims based upon or arising under California Labor Code §§ 201, 202, 203, 204, 210, 218,

[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*                                    Case No. 3:17-cv-06425-SK
Page 6

218.5, 218.6, 223, 226, 226.2, 226.3, 226.7, 233, 246 *et seq.*, 246.5, 248.5, 256, 510, 512, 551, 552, 558, 1174, 1174.5, 1182.12 *et seq.*, 1194, 1194.2, 1197, 1197.1, 1198, 2800, 2802, 2698, 2699 *et seq.*, 2699.3, and 2699.5.  Without limiting any of the foregoing, the Claims Released By PAGA Group 2 Members is intended to include, and does include, any and all claims and remedies asserted or sought against Defendant, or that could have been asserted or sought against Defendant and the other Released Parties based on the facts or allegations pled, in any of the complaints in the Lawsuits and Aguirrie PAGA Action that occurred or arose during the PAGA Period for Drivers, including the first date and last date thereof and every date in between. Subject to the terms and conditions of the Settlement and this Order, all such claims and causes of action, damages, and other remedies (including, but not limited to, any civil penalties) allegedly due and owing to PAGA Group 2 members by virtue of or related to any of the claims, facts or allegations pled in any of the complaints in the Lawsuits and Aguirrie PAGA Action are deemed to be fully and finally resolved and are to be dismissed, with prejudice, as part of the entry of Judgment as to each and every PAGA Group 2 member.

13.    Claims administrator ILYM Group, Inc. is entitled to $18,450.00 for settlement administration costs for the services it provided in connection with the Settlement.

14.    Good cause appearing, the Court hereby approves the following implementation schedule:

| Effective Date | The date the Settlement becomes completely Final. |
|---|---|
| Timing of Funding | Defendant shall fully fund the Gross Settlement Amount no later than sixty (60) days after the Effective Date of the Settlement. |
| Deadline for Administrator to make all payments due under the Settlement | Within thirty (30) days after Defendant fully funds the Gross Settlement Amount. |
| Check-cashing / Digital Payment Deadline | One hundred eighty (180) days after issuance of checks by the Settlement Administrator. |
| Deadline for administrator to distribute | As soon as practicable after check- |

[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*                    Case No. 3:17-cv-06425-SK
Page 7

| uncashed check funds to the California State Controller Unclaimed Property Fund, | cashing deadline. |
|---|---|
| Deadline for Plaintiffs to file a Post-Distribution Accounting | Within thirty (30) days after the distribution of any remaining monies to the California State Controller Unclaimed Property Fund. |

15.     The Court hereby dismisses this entire lawsuit (i.e., the Alvarado Action) and all claims alleged therein with prejudice, and, subject only to Defendant's payment of the Gross Settlement Amount no later than sixty (60) days after the Effective Date of the Settlement, Defendant and the other Released Parties are hereby released and discharged from all of the Released Claims (as that term is defined in Section 1.50 of the Settlement and as further described in Sections 5.1 through 5.3.2 of the Settlement).  Among other things, this means that Defendant and the other Released Parties are hereby released and discharged from any and all Released Claims set forth in Sections 5.2.1 and 5.2.2 of the Settlement (which sections mirror Paragraphs 9 and 10 of this Order) by all Participating Class Members (i.e., all Class Members except for the three individuals who opted out of the Settlement).[1]   In addition, Defendant and the other Released Parties are hereby released and discharged from any and all Released Claims set forth in Sections 5.3.1 and 5.3.2 of the Settlement (which sections mirror Paragraphs 11 and 12 of this Order) by all members of the two PAGA Groups and the State of California.[2] Finally, the three named Plaintiffs (i.e., Messrs. Alvarado, Amaya, and Titus) are all bound by and subject to the general releases they provided to Defendant and the other Released Parties in Section 5.1 of the Settlement.

16.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement,

---

[1] The only individuals who opted out of the Settlement are: (i) Charles Ernest III, (ii) Sammy Burrola, and (iii) Pedro Ibarra.

[2] All members of the two PAGA Groups are bound by the releases in Sections 5.3.1 and 5.3.2 of the Settlement, including the three individuals who opted out of the class action aspect of

**[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs**
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*                                    Case No. 3:17-cv-06425-SK
Page 8

1  and all matters ancillary thereto.

2      17.    The Court, finding that no reason exists for delay in ordering final judgment

3  pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this

4  Judgment forthwith.

5

6      **IT IS SO ORDERED.**

7

8  Dated: _____        _____

9                                        The Hon. Sallie Kim

10                                       United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

the Settlement, as there is no ability to opt out of a court-approved PAGA settlement.

**[PROPOSED] Order Granting Motion for Final Approval of Class Action and PAGA Settlement and Admin Costs**
*Alvarado, et al. v. Oak Harbor Freight Lines, Inc., et al.*                    Case No. 3:17-cv-06425-SK
Page 9